## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JORGE CARBAJAL, | DOCKET NUMBER |
| Appellant, | SF-0752-16-0005-I-1 |
| v. | |
| DEPARTMENT OF THE NAVY, | DATE: September 16, 2016 |
| Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Raul Reyes-Maldonado, Barstow, California, for the appellant.

Loren Baker, Barstow, California, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1 The agency has filed a petition for review of the initial decision, which reversed the appellant's removal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2    The agency removed the appellant, a Lead Police Officer at its Marine Corps Logistics Base in Barstow, California, on a single charge of Failure to Report for a Random Drug Test.  Initial Appeal File (IAF), Tab 4 at 14-27.  He appealed his removal and, after holding the requested hearing, the administrative judge found that the deciding official had relied on an aggravating factor in his penalty analysis that the agency had failed to identify in the notice of proposed removal.  IAF, Tab 13, Initial Decision (ID).  Specifically, the administrative judge determined that the deciding official's consideration of ex parte information—namely, that the appellant's testimony in court would henceforth be suspect, such that it would jeopardize his involvement in future criminal law enforcement actions—was new information not previously disclosed to the appellant.  ID at 4-6; IAF, Tab 4 at 16.

¶3    Under the requirements set forth in *Giglio v. United States*, 405 U.S. 150 (1972), an agency is obliged to promptly disclose potential impeachment evidence concerning law enforcement officers, such as acts of misconduct, involved in a

particular case.[2]  Because the appellant had no opportunity to respond to the ex parte information, the administrative judge found it was the type of evidence likely to result in undue pressure on the deciding official to rule in a particular manner.  Thus, the administrative judge found that the agency violated the appellant's right to due process and she reversed the agency's action.  ID at 4-6; *see Ward v. U.S. Postal Service*, 634 F.3d 1274, 1279-80 (Fed. Cir. 2011); *Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1376-77 (Fed. Cir. 1999); *Solis v. Department of Justice*, 117 M.S.P.R. 458, ¶ 10 (2012).

¶4    In its petition for review, the agency certifies that it has provided the requisite interim relief and argues that *Giglio* is not applicable to the determination of any due process violations.  Petition for Review (PFR) File, Tab 1 at 4, 8-14.  The agency also argues that the notice of proposed removal informed the appellant that it had lost confidence in his ability to perform his duties, which includes his ability to testify in court.  *Id.* at 14-16.  It contends that its action does not violate the due process considerations set forth in *Ward* and *Stone*, asserts that any error "was not only harmless, but [was] dwarfed by the weight of evidence and seriousness of the offense," and stresses that testifying is a small part of the appellant's duties, which the deciding official only mentioned in dutifully fulfilling his obligation to conduct a proper analysis of the *Douglas* factors.  *Id.* at 22-24.  The appellant responds in opposition to the agency's petition for review.  PFR File, Tab 2.

---

[2] Under *Giglio*, investigative agencies must turn over to prosecutors, as early as possible in a case, any potential impeachment evidence concerning the agents involved in the case.  The prosecutor will then exercise his discretion regarding whether the impeachment evidence must be turned over to the defense.  A "*Giglio*-impaired" agent is one against whom there is potential impeachment evidence that would render the agent's testimony of marginal value in a case.  Thus, a case that depends primarily on the testimony of a *Giglio*-impaired witness is at risk.  *See Hathaway v. Department of Justice*, 384 F.3d 1342, 1349 (Fed. Cir. 2004).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5        Pursuant to the U.S. Court of Appeals for the Federal Circuit's decisions in *Ward*, 634 F.3d at 1279-80, and *Stone*, 179 F.3d at 1376-77, a deciding official violates an employee's due process rights when he relies upon new and material ex parte information as a basis for his decisions on the merits of a proposed charge or the penalty to be imposed. *Ward*, *Stone*, and their progeny recognize, however, that not all ex parte communications rise to the level of due process violations; rather, only ex parte communications that introduce new and material information to the deciding official are constitutionally infirm. *E.g.*, *Solis*, 117 M.S.P.R. 458, ¶ 8.

¶6        The following factors are used to determine if ex parte information is new and material:  (1) whether the ex parte information introduced cumulative, as opposed to new, information; (2) whether the employee knew of the information and had an opportunity to respond; and (3) whether the communication was of the type likely to result in undue pressure on the deciding official to rule in a particular manner. *Stone*, 179 F.3d at 1377.  Pursuant to the *Ward*/*Stone* line of authority, when an agency intends to rely on an aggravating factor as the basis for the imposition of a penalty, such factors must be included in the agency's advance notice of the adverse action so that the employee will have a fair and complete opportunity to respond to those factors before the deciding official. *Jenkins v. Environmental Protection Agency*, 118 M.S.P.R. 161, ¶ 10 (2012).

¶7        The agency has not shown that the administrative judge erred in applying the *Stone* factors.  As to the first two, we agree that the ex parte communication regarding the effect of the appellant's misconduct on his ability to testify in criminal proceedings introduced new and material, and not merely cumulative, information.  ID at 4-6; *see Solis*, 117 M.S.P.R. 458, ¶ 10 (deciding that reliance on testimonial impairment without providing notice and an opportunity to respond cannot be fairly deemed cumulative or immaterial).  The notice of proposed removal clearly did not mention the impact of the appellant's misconduct on his

future ability to testify in criminal matters.  This omission precluded any response from him on the issue, and we agree that the deciding official's citation of that factor in his analysis indicates that it is material.  ID at 6; IAF, Tab 4 at 24-27; *see Pickett v. Department of Agriculture,* 116 M.S.P.R. 439, ¶ 12 (2011) (stating that the deciding official's testimony, that certain rumors about the appellant played even "a minor role" in his decision to remove him, "weigh[ed] strongly in favor" of finding that the new information was material); *see also Silberman v. Department of Labor,* 116 M.S.P.R. 501, ¶ 12 (2011).  Moreover, regardless of the negligible portion of the appellant's duties that actually involve testifying in court, the pertinent issue before us is the deciding official's *Douglas* analysis of this factor.  IAF, Tab 4 at 16.  The deciding official's consideration of this issue not only belies the agency's insistence on review that the factor is of minimal importance, it also contradicts the agency's assertion on review that the notice of proposed removal put the appellant on notice when the notice questioned his ability to perform the essential duties of his position.  PFR File, Tab 1 at 14-16, 22-24; IAF, Tab 4 at 24-26.

¶8        Consequently, as the administrative judge correctly found, because the agency violated the appellant's due process rights, his removal must be reversed and he must be afforded a "new constitutionally correct removal procedure."  ID at 6; *Solis*, 117 M.S.P.R. 458, ¶ 10 (quoting *Ward*, 634 F.3d at 1280).

## ORDER

¶9        We ORDER the agency to cancel the removal and retroactively restore the appellant effective September 5, 2015.  *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984).  The agency must complete this action no later than 20 days after the date of this decision.

¶10       We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, no later than 60 calendar days after the date of this

decision. We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order. If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

¶11    We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it took to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

¶12    No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

¶13    For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached. The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

## NOTICE TO THE APPELLANT REGARDING
## YOUR RIGHT TO REQUEST
## ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs.  To be paid, you must meet the requirements set out at title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g).  The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203.  If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION.  You must file your attorney fees motion with the office that issued the initial decision on your appeal.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United

States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:               _____
                             Jennifer Everling
                             Acting Clerk of the Board

Washington, D.C.

<table>
<tr>
<td></td>
<td><h1>DFAS CHECKLIST</h1>
<h2>INFORMATION REQUIRED BY DFAS IN ORDER TO PROCESS PAYMENTS AGREED UPON IN SETTLEMENT CASES OR AS ORDERED BY THE MERIT SYSTEMS PROTECTION BOARD</h2></td>
</tr>
</table>

## CIVILIAN PERSONNEL OFFICE MUST NOTIFY CIVILIAN PAYROLL OFFICE VIA COMMAND LETTER WITH THE FOLLOWING:

1. Statement if Unemployment Benefits are to be deducted, with dollar amount, address and POC to send.

2. Statement that employee was counseled concerning Health Benefits and TSP and the election forms if necessary.

3. Statement concerning entitlement to overtime, night differential, shift premium, Sunday Premium, etc, with number of hours and dates for each entitlement.

4. If Back Pay Settlement was prior to conversion to DCPS (Defense Civilian Pay System), a statement certifying any lump sum payment with number of hours and amount paid and/or any severance pay that was paid with dollar amount.

5. Statement if interest is payable with beginning date of accrual.

6. Corrected Time and Attendance if applicable.

## ATTACHMENTS TO THE LETTER SHOULD BE AS FOLLOWS:

1. Copy of Settlement Agreement and/or the MSPB Order.

2. Corrected or cancelled SF 50's.

3. Election forms for Health Benefits and/or TSP if applicable.

4. Statement certified to be accurate by the employee which includes:

   a. Outside earnings with copies of W2's or statement from employer.
   b. Statement that employee was ready, willing and able to work during the period.
   c. Statement of erroneous payments employee received such as; lump sum leave, severance pay, VERA/VSIP, retirement annuity payments (if applicable) and if employee withdrew Retirement Funds.

5. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.



# NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts.

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

   a.  Employee name and social security number.
   b.  Detailed explanation of request.
   c.  Valid agency accounting.
   d.  Authorized signature (Table 63)
   e.  If interest is to be included.
   f.  Check mailing address.
   g.  Indicate if case is prior to conversion.  Computations must be attached.
   h.  Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected. (if applicable)

## Attachments to AD-343

1.  Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement. (if applicable)

2.  Copies of SF-50's (Personnel Actions) or list of salary adjustments/changes and amounts.

3.  Outside earnings documentation statement from agency.

4.  If employee received retirement annuity or unemployment, provide amount and address to return monies.

5.  Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)

6.  If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.

7.  If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE:  If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases: (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)
   a.  Must provide same data as in 2, a-g above.
   b.  Prior to conversion computation must be provided.
   c.  Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.